UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEON EUGENE WHITE, JR.,

      Plaintiff,

      v.                                                  Case No. 16-CV-1240

CO WRIGHT, CO SAROSH,
HOUSE OF CORRECTIONS HEALTH CARE CENTER,
ARAMARK FOOD SERVICE DEPARTMENT
OF MILWAUKEE COUNTY CORRECTIONS,
LIEUTENANT MCCUNE,
MILWAUKEE COUNTY CORRECTIONS HEALTH CARE CENTER,
CAPTAIN SULLIVAN, and LIEUTENANT A. MAGEE,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DOC. 2), SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A, DISMISSING DEFENDANTS HOUSE OF CORRECTIONS HEALTH CARE CENTER, ARAMARK FOOD SERVICE DEPARTMENT OF MILWAUKEE COUNTY CORRECTIONS, AND MILWAUKEE COUNTY CORRECTIONS HEALTH CARE CENTER, AND DIRECTING DEFENDANTS TO FILE RESPONSIVE PLEADING WITHIN 60 DAYS OF RECEIVING ELECTRONIC NOTICE OF THIS ORDER

      The plaintiff, Leon Eugene White, Jr., is proceeding *pro se* on a complaint alleging that the defendants violated his constitutional rights while he was confined at the Milwaukee County Jail. This matter before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). Plaintiff has paid an initial partial filing fee of $35.00. *See* 28 U.S.C. § 1915(b)(1).

      The court screens complaints by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

2

*Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in by *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Complaint's Allegations</u>

Plaintiff has been confined at the Milwaukee County Jail and the Milwaukee County House of Corrections at all times relevant to his allegations. He contends that defendants have violated his constitutional rights respecting the practice of his Islam religion.

First, plaintiff asserts that on December 13, 2015, while confined at the House of Corrections, defendant Officer Wright told him to stop praying and return to his bunk.

Plaintiff followed these orders but asked to talk with a lieutenant. Officer Wright denied the request. Plaintiff then went to a corner to pray. Next, Officer Wright called for several correctional officers who handcuffed plaintiff and placed him into segregation for three days. Defendant McCune told that he was sent to segregation for creating a disruption and that if an officer gives him an order, he must follow it.

Second, plaintiff charges that staff at the Milwaukee County Jail and the House of Corrections have denied him his vegan diet trays numerous times. As a result, plaintiff contends that he has lost weight and suffers from malnutrition. He alleges that the Aramark Food Services staff, the House of Corrections healthcare center, Lieutenant A. Magee, Captain Sullivan, and Lieutenant McCune responded to his grievances by giving him the runaround.

Third, plaintiff maintains that on January 24, 2016, while confined at the House of Corrections, defendant Officer Sarosh harassed him during his prayers by saying that plaintiff was facing the wrong direction. Plaintiff responded that he has been "a Moslem all of his life" and Officer Sarosh could not tell him anything about his religion. (Docket 1 at 3.) Officer Sarash then notified Lieutenant McCune, and ordered plaintiff to sit and face the wall. Plaintiff asks that he be awarded monetary damages.

The court finds that the complaint raises a First Amendment free exercise of religion claim. It also presents a Fourteenth Amendment deliberate indifference claim regarding plaintiff's allegations that he was denied vegan diet trays, thereby causing malnutrition.

However, plaintiff may not proceed against defendants House of Corrections Health Care Center and Milwaukee County Corrections Health Care Center because these entities cannot be sued separately from Milwaukee County. *See Grow v. City of Milwaukee*, 84 F.

Supp. 2d 990, 995-96 (E.D.Wis. 2000) (internal citations omitted) (abrogated on other grounds by *Driebel v. City of Milwaukee*, 298 F.3d 622 (7th Cir. 2002) (explaining that the Milwaukee Police Department "is not a suable entity separate from the city"). Moreover, plaintiff has not advanced a policy claim and, therefore, he does not state a claim against Milwaukee County. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978). Finally, plaintiff may not proceed against Aramark Food Service Department of Milwaukee County Corrections because he does not make any specific allegations against it.[1] However, the court notes that plaintiff may file an amended complaint if he identifies others involved in the incidents underlying his claims.

Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket 2) is GRANTED.

IT IS FURTHER ORDERED that defendants House of Corrections Health Care Center, Aramark Food Service Department of Milwaukee County Corrections, and Milwaukee County Corrections Health Care Center are DISMISSED.

IT IS FURTHER ORDERED that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants.

---

[1] Although Aramark is a private corporation, it appears that it contracts with the jail to provide food services, so it may function as a state actor under § 1983. *See Horton v. Sheriff of Cook Cnty.*, 2012 WL 5838183, at *3 (N.D. Ill. 2012) (collecting cases).

5

IT IS FURTHER ORDERED that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

IT IS FURTHER ORDERED that the Milwaukee County Sheriff shall collect from plaintiff's prison trust account the $315.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHERED ORDERED that copies of this order be sent to the Milwaukee County Sheriff. A copy should also be sent to Dennis Brand at the Milwaukee County Jail.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to defendants. All defendants will be served electronically through the court's electronic case

filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2016.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge